**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

STEPHEN TSE,

       Petitioner,

               No. 04-CV-711
               (NAM/DRH)

D.B. DREW, Warden, FCI Ray Brook,

       Respondent.
_____

**APPEARANCES:**         **OF COUNSEL:**

STEPHEN TSE
Petitioner Pro Se
No. 14744-038
Federal Correctional Institution
Post Office Box 9008
Ray Brook, New York 12977

HON. GLENN T. SUDDABY      CHARLES E. ROBERTS, ESQ.
United States Attorney for the     Assistant United States Attorney
 Northern District of New York
Attorney for Respondent
100 South Clinton Street
Syracuse, New York 13261-7198

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION[1]

   Petitioner pro se Stephen Tse ("Tse") was convicted in the District of

Massachusetts of attempted murder and conspiracy to commit murder, both in aid of

racketeering activity, in violation of 18 U.S.C. § 1959(a)(5). Tse was sentenced to 188

months imprisonment and is currently serving that sentence at the Federal Correctional

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

Institution at Ray Brook. Tse now seeks relief under 28 U.S.C. § 2241 on the ground that the Bureau of Prisons ("BOP") improperly calculated his good time credits under 18 U.S.C. § 3624(b).

Tse contends that the BOP does "not have the proper authority to promulgate the regulation that used 'time served' as opposed to 'sentence imposed' as a basis for calculating good time credits." Docket No. 1 at 2. However, the Second Circuit recently upheld the BOP's policy of calculating good time credits based on time actually served rather than on the sentence imposed. See Sash v. Zenk, 428 F.3d 132, 136-38 (2d Cir. 2005). The Court held that § 3624(b) is ambiguous and, thus, Chevron[2] deference applies. Id. at 136. Applying Chevron deference, the Court concluded that the BOP's interpretation of the statute is reasonable and, therefore, must be upheld. Id. at 136, 138. Because Tse raises the same arguments that petitioner raised in Sash, the Second Circuit's decision is controlling and his petition for a writ of habeas corpus should be denied. See Camacho v. Willingham, No. Civ. 05-1639 (SRU), 2005 WL 3542445, at *1 (D. Conn. Dec. 5, 2005).

## Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

---

[2] See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 842-43 (1984) (discussing the criteria under which courts defer to administrative agencies).

**REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


DATED:  December 12, 2006
        Albany, New York

*[signature: David R. Horner]*
United States Magistrate Judge